# EXHIBIT A

| | | |
|---|---|---|
| RETURN DATE: DECEMBER 28, 2021 | : | SUPERIOR COURT |
| STEPHEN DOST | : | J.D. OF WATERBURY |
| v. | : | AT WATERBURY |
| KEVIN FITZPATRICK and RED MARBLE MEDIA, INC. | : | DECEMBER 6, 2021 |

## COMPLAINT

**Introduction**

1. The plaintiff, Stephen Dost ("Dost"), is a citizen of Connecticut, residing within the Judicial District of Waterbury. He is one of the two founders of the media production company Red Marble Media ("RMM").

2. The defendant, Kevin Fitzpatrick ("Fitzpatrick"), is a citizen of New York. He is the other founder of Red Marble Media.

3. The defendant, Red Marble Media, Inc., is a citizen of New York. Following the agreement between Dost and Fitzpatrick to establish the media production company known as Red Marble Media, Red Marble Media, Inc. ("RMM, Inc.") was incorporated by Fitzpatrick under the laws of New York in January 2009. Since 2009 RMM, Inc. has been the employer of Dost and Fitzpatrick.

4. In October 2021, RMM, Inc. through the actions of Fitzpatrick, terminated the employment of Dost.

5. As set forth below, Dost brings this action for damages caused by the numerous and continuous wrongful acts of RMM, Inc. and Fitzpatrick.

6. Jurisdiction is obtained through Connecticut's "long arm statutes" Sec. 33-929 and Sec. 52-59b.

**Count One:   Fraud and Misrepresentation**

Paragraphs 1-6 of the Introduction are hereby made paragraphs 1-6 of this Count One as if fully set forth herein.

7. In 2008, Fitzpatrick approached Dost with the idea of co-founding a media production company. Fitzpatrick stated that he needed Dost for the enterprise because it was Dost, not Fitzpatrick, who had extensive experience in the development and sale of media content. He described the yet-to-be formed company as a joint venture / partnership through which the two founders would share the profits equally. Because Dost believed and trusted Fitzpatrick, he agreed to be a co-founder of the new company on the basis described by Fitzpatrick.

8. In January 2009, Fitzpatrick filed the formal corporate formation documents forming a domestic business corporation, RMM, Inc., listing himself as the agent of service, but not identifying a Chief Executive Officer or other officers. It is not known at this time whether Fitzpatrick at any time filed bylaws or other documents describing the governance or capitalization of RMM, Inc. Dost has requested that Fitzpatrick produce them, but Fitzpatrick has refused to produce them. Because Dost understood their business, RMM, to be a joint venture / partnership, regardless of formalities, he trusted and believed Fitzpatrick and he did not insist upon any review of applicable corporate documents.

9. Fitzpatrick and Dost agreed at the outset of their joint venture / partnership that they would share equally in the profits of RMM, and Fitzpatrick made repeated statements orally and in writing since that time that that was the nature of their business relationship. Because Dost trusted and believed Fitzpatrick, he did not insist on memorializing that agreement in writing nor did he insist on reviewing any existing documents through which Fitzpatrick had

memorialized their agreements. Despite requests, Fitzpatrick did not provide any such documents to Dost and has refused to provide such documents.

10. Fitzpatrick repeatedly through the years represented to Dost that RMM was struggling with debt and not making money, but also repeatedly represented that when RMM made a profit, it would be shared with his co-founder Dost. Because Dost trusted and believed Fitzpatrick, he did not insist upon receiving or reviewing RMM's financial records.

11. Throughout the years, Dost was the creator and seller of RMM's media content. It was Dost's contacts, reputation and creativity that enabled RMM to sell and produce increasingly profitable content. Fitzpatrick and RMM presented Dost to the public and to prospective media clients as the co-founder and principal of RMM. Despite Dost's principal and foundational contributions to the success of RMM, he agreed to accept a minimal salary and infrequent bonuses because Fitzpatrick continued to represent that it was all RMM could afford and that they were sharing profits equally. Dost trusted and believed Fitzpatrick's representations. He believed that by taking a minimal salary he was doing what was necessary to ensure the viability, growth, and success of RMM, and that he was investing in the future of his company.

12. In 2021, after 13 years of working as the co-founder of, principal of, and partner in RMM, Dost became aware that Fitzpatrick was concealing the truth about RMM's financial situation. Among other things, Dost learned Fitzpatrick was taking substantial amounts out of RMM's profits, and he became suspicious about the accuracy and truthfulness of Fitzpatrick's representations regarding the financial well-being of RMM and about Dost's participation in the profits of RMM.

13. Fitzpatrick knew that Dost believed and trusted him and that Dost was relying upon his continued misrepresentations. He refused to provide Dost with corporate records and financial data or provide any other information or documentation which might cause Dost to doubt the honesty of Fitzpatrick or the accuracy of his representations.

14. Upon information and belief, RMM has been significantly profitable for many years and Fitzpatrick has been enriching himself out of the substantial profits of RMM, at levels many times greater than that ever paid to Dost. Further, upon information and belief, Fitzpatrick sought to minimize reportable corporate profit by paying out to himself ever greater sums of money.

15. Fitzpatrick's representations to Dost were false and misleading.

16. Fitzpatrick knew that Dost was relying upon his false and misleading representations.

17. Fitzpatrick failed and/or refused to allow Dost to have access to corporate records that might have disclosed the falseness of Fitzpatrick's representations while misrepresenting to Dost that Dost was sharing equally in RMM's profits.

18. Dost's concerns about the accuracy of Fitzpatrick's representations caused him to confront Fitzpatrick and to insist upon an inspection of RMM's books and records, including without limitation, RMM's financial information.

19. Shortly thereafter, Fitzpatrick, purportedly on behalf of RMM, Inc., terminated Dost's employment.

20. Throughout the years, Dost reasonably relied upon Fitzpatrick's false representations, but his reliance, trust and beliefs were to his detriment and he has sustained damages.

**Count Two:   Breach of Contract**

1-20.   Paragraphs 1-20 of Count One are hereby made paragraphs 1-20 of this Count Two as if fully set forth herein.

21.   Defendants, through Fitzpatrick, agreed to compensate Dost at an amount equal to the compensation of Fitzpatrick.

22.   Dost believed and trusted Fitzpatrick and believed that he was in fact being compensated in the manner agreed.

23.   For many years, Defendants paid Fitzpatrick substantially more than Dost, thereby breaching the oral compensation agreement with Dost.

24.   Dost and RMM, through Fitzpatrick, agreed that Dost and Fitzpatrick were the founders and principals of RMM and that Dost was to share equally with Fitzpatrick in the profits of RMM.

25.   Dost has been damaged by said breaches.

**Count Three: Wrongful Termination**

1-25.   Paragraphs 1-25 of Count Two are hereby made paragraphs 1-25 of this Count Three as if fully set forth herein.

26.   In 2021, RMM, Inc. and Fitzpatrick falsely claimed that Dost was an at-will employee with no rights to RMM's profits and no rights in RMM's management or governance and did wrongfully terminate his employment and relationship with RMM, Inc.

27.   Defendants' termination of Dost was further wrongful in that it was in furtherance of Defendants' fraudulent activities as alleged in Count One, above.

28.   Dost has been damaged by the wrongful termination of his employment.

**Count Four:   Failure to Pay Wages – Statutory Double Damages**

1-28.   Paragraphs 1-28 of Count Three are hereby made paragraphs 1-28 of this Count Four as if fully set forth herein.

29.   Dost was entitled to payment of one-half of RMM's profits as wages.

30.   Pursuant to Connecticut General Statutes § 31-72, Dost is entitled to recover in this civil action twice the full amount of the difference between one-half of RMM's profits and the wages RMM, Inc. paid to Dost, with costs and reasonable attorney's fees.

**Count Five:   Violation of the Connecticut Fair Employment Practices Act, Sections 46a-58 and 46a-60(b)(1)**

1-30.   Paragraphs 1-30 of Count Four are hereby made paragraphs 1-30 of this Count Five as if fully set forth herein.

31.   Dost has and continues to suffer from major depression and anxiety and panic disorders, conditions which he consistently has and continues to treat with medication and therapy since approximately 2001.

32.   Defendants Fitzpatrick and/or RMM, Inc. knew of Dost's mental health issues.

33.   Dost was very close to his mother, Karen Dost.

34.   In June 2021, Dost's mother died.

35.   As a consequence of that death, Dost's condition worsened and he became severely depressed and medically disabled, for which he sought and received extensive medical treatments.

36.   As a result, Dost needed to take a medical leave of absence.

37.   Although Dost was disabled and needed time off, he continued, in part, to perform his duties at RMM out of loyalty to and devotion to the success of RMM.

38. Although RMM, Inc. knew that Dost's mother had died and knew that he was disabled and receiving intensive medical treatment, it terminated his employment in October 2021 falsely claiming that he had not fully performed the duties required of him during the period of his disability.

39. Defendants violated Connecticut's Fair Employment Practices Act, Connecticut General Statutes §§ 46a-58 & 46a-60(b)(1) in one or more of the following ways:

   a. By discriminating against Dost due to his disability;

   b. By failing to reasonably accommodate Dost with job protection; and/or

   c. By retaliating against Dost for exercising his right to accommodation.

40. Dost intends to file a claim with the Connecticut Commission on Human Rights and Opportunities ("CHRO") to assert these claims and holds this cause of action in abeyance until the CHRO's jurisdiction is released.

**Count Six:    Violations of the FMLA**

1-40. Paragraphs 1-40 of Count Five are hereby made paragraphs 1-40 of this Count Six as if fully set forth herein.

41. At all relevant times herein, Defendant RMM, Inc. was a covered employer within the meaning of the FMLA (29 U.S.C. § 2601 et seq).

42. Upon information and belief, at all times relevant herein, Dost was either actually or potentially eligible as a covered employee within the meaning of the FMLA because he worked full-time for more than 10 years at RMM, Inc. before he was unlawfully terminated by RMM, Inc.

43. Defendants violated the FMLA by:

    a. failing to advise him of his rights under the FMLA, including his right to take twelve weeks of job-protected leave;

    b. failing to provide him with twelve weeks of job-protected leave;

    c. interfering with Dost's right to take medical leave;

    d. interfering with Dost's right to return to work after leave; and/or

    e. retaliating against Dost for taking medical leave.

44. As a direct and proximate result of Defendants unlawful conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which he is entitled to an award of monetary damages, liquidated damages, reasonable attorneys' fees and expenses, and other relief.

**Count Seven: Violations of the ADA**

1-44. Paragraphs 1-44 of Count Six are hereby made paragraphs 1-44 of this Count Seven as if fully set forth herein.

45. Defendant RMM, Inc. discriminated against Plaintiff on the basis of his known disability and/or perceived disability in violation of the ADA (42 U.S.C. § 12101 et seq.) by, *inter alia*:

    a. unlawfully terminating his employment because of his disability;

    b. failing to reasonably accommodate Dost's disability; and/or

    c. retaliating against Dost for exercising his right to accommodation.

46. As a direct and proximate result of Defendant RMM, Inc.'s unlawful discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, monetary and/or economic harm, for which he is entitled to an award of damages.

47. As a direct and proximate result of Defendant RMM, Inc.'s unlawful discriminatory conduct in violation of the ADA, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, for which he is entitled to an award of damages.

48. Defendant RMM, Inc.'s unlawful and discriminatory actions constitute malicious, willful and wanton violations of the ADA, for which Plaintiff is entitled to an award of punitive damages.

**Count Eight:  Violation of the Connecticut Unfair Trade Practices Act, Section 42-110a**

1-48. Paragraphs 1-48 of Count Seven are hereby made paragraphs 1-48 of this Count Eight as if fully set forth herein.

49. RMM, Inc. and Fitzpatrick are in the competitive business of media development and production.

50. In addition to the unfair and deceptive conduct alleged above, RMM, Inc. and Fitzpatrick unscrupulously, falsely and deceitfully claimed that a competitor was paying Dost to assist in one or more competing productions and then wrongfully terminated Dost's employment on that basis.

51. Dost has suffered ascertainable loss due to said violations.

**Count Nine:  Defamation**

1-51. Paragraphs 1-51 of Count Eight are hereby made paragraphs 1-51 of this Count Nine as if fully set forth herein.

52. Upon information and belief, RMM, Inc. and Fitzpatrick have made false statements about Dost to clients, customers, potential employers, and fellow employees.

53. Said false statements were made maliciously.

54. Dost has been damaged by said false statements.

**Count Ten:  Intentional and/or Negligent Infliction of Emotional Distress**

1-54. Paragraphs 1-54 of Count Nine are hereby made paragraphs 1-54 of this Count Ten as though fully set forth herein.

55. RMM, Inc. and Fitzpatrick knew, or should have known, that their conduct, as set forth above, involved an unreasonable risk of causing emotional distress and that such distress might result in illness or harm.

56. The defendants' conduct was extreme and outrageous.

57. The conduct of RMM, Inc. and Fitzpatrick, as set forth above, did cause severe emotional distress for Dost and did result in illness and harm.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

1. An award of damages, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages incurred as a result of Defendants' unlawful actions, including but not limited to: back pay, front pay, double damages, and liquidated damages;

2. An award of damages for emotional distress and other physical and mental harm in an amount to be determined at trial;

3. An award of damages to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputation and loss of career fulfillment;

4. An award of damages to be determined at trial, plus prejudgment interest, to compensate Plaintiff for Defendants' breach of contract;

5. Costs of this action;

6. Attorney's fees;

7. Punitive damages; and

8. Such other and further relief as the Court finds appropriate.

THE PLAINTIFF,
STEPHEN DOST

By: *James K. Robertson, Jr. /KH*
James K. Robertson, Jr.
Todd R. Michaelis
Carmody Torrance Sandak & Hennessey, LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110
Telephone: 203-573-1200
Facsimile: 203-575-2600
jrobertson@carmodylaw.com
tmichaelis@carmodylaw.com
Juris No. 008512

| | | |
|---|---|---|
| RETURN DATE: DECEMBER 28, 2021 | : | SUPERIOR COURT |
| STEPHEN DOST | : | J.D. OF WATERBURY |
| v. | : | AT WATERBURY |
| KEVIN FITZPATRICK and RED MARBLE MEDIA, INC. | : | DECEMBER 6, 2021 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than $15,000.00, exclusive of interest and costs, pursuant to Connecticut General Statutes § 52-91 and Practice Book § 10-20.

                                         **THE PLAINTIFF,**
                                         **STEPHEN DOST**

                                         By: *James K. Robertson, Jr. /KM*
                                              James K. Robertson, Jr.
                                              Todd R. Michaelis
                                              Carmody Torrance Sandak & Hennessey, LLP
                                              50 Leavenworth Street
                                              P.O. Box 1110
                                              Waterbury, CT 06721-1110
                                              Telephone: 203-573-1200
                                              Facsimile: 203-575-2600
                                              jrobertson@carmodylaw.com
                                              tmichaelis@carmodylaw.com
                                              Juris No. 008512

| SUMMONS - CIVIL<br>JD-CV-1 Rev. 2-20<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;<br>P.B. §§ 3-1 through 3-21, 8-1, 10-13 | For information on<br>ADA accommodations,<br>contact a court clerk or<br>go to: *www.jud.ct.gov/ADA*. | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>*www.jud.ct.gov*  |

**Instructions are on page 2.**

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [x] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)*<br>300 Grand Street, Waterbury, CT 06702 | Telephone number of clerk<br>( 203 ) 591 – 3300 | Return Date *(Must be a Tuesday)*<br>12/28/2021 |
|---|---|---|
| [x] Judicial District    G.A.<br>[ ] Housing Session   [ ] Number: ____    At *(City/Town)* Waterbury | | Case type code *(See list on page 2)*<br>Major: **c**    Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*<br>Carmody Torrance Sandak & Hennessey LLP, P.O. Box 1110, Waterbury, CT 06721 | Juris number *(if attorney or law firm)*<br>008512 |
|---|---|
| Telephone number<br>( 203 ) 573 – 1200 | Signature of plaintiff *(if self-represented)* |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.    [x] Yes  [ ] No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*<br>tmichaelis@carmodylaw.com |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| First plaintiff | Name: Stephen Dost<br>Address: 15 Gaylord Glen, Waterbury, CT 06808 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: Kevin Fitzpatrick, 39-18 48th Street, Sunnyside, NY 11104<br>Address: c/o Secretary of State, 165 Capitol Avenue, Suite 1000, Hartford, CT 06115 | D-01 |
| Additional defendant | Name: Red Marble Media, Inc.<br>Address: 134 Charles Street, 1st Floor, New York, NY 10014 | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 2 | [ ] Form JD-CV-2 attached for additional parties |

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date<br>12/06/2021 | Signed *(Sign and select proper box)* *[signature]* | [x] Commissioner of Superior Court<br>[ ] _____ Clerk | Name of person signing<br>Todd R. Michaelis |
|---|---|---|---|

| If this summons is signed by a Clerk:<br>a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | For Court Use Only<br>File Date |
|---|---|
| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |

Page 1 of 2

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.
   Do not use this summons for the following actions:
   - (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
   - (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   - (c) Applications for change of name
   - (d) Probate appeals
   - (e) Administrative appeals
   - (f) Proceedings pertaining to arbitration
   - (g) Summary Process (Eviction) actions
   - (h) Entry and Detainer proceedings
   - (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | | | |
| | C 90 | All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| Eminent Domain | E 00 | State Highway Condemnation | | T 03 | Defective Premises - Private - Other |
| | E 10 | Redevelopment Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 20 | Other State or Municipal Agencies | | T 12 | Defective Premises - Public - Other |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 20 | Products Liability - Other than Vehicular |
| | E 90 | All other | | T 28 | Malpractice - Medical |
| | | | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 10 | Receivership | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 05 | Motor Vehicles* - Property Damage only |
| | M 20 | Mandamus | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 09 | Motor Vehicle* - All other |
| | M 40 | Arbitration | | V 10 | Boats |
| | M 50 | Declaratory Judgment | | V 20 | Airplanes |
| | M 63 | Bar Discipline | | V 30 | Railroads |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 40 | Snowmobiles |
| | M 68 | Bar Discipline - Inactive Status | | V 90 | All other *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |